480 F.2d 1039
 Beryl T. NICKERT, Executrix of the Estate of John Nickert,
Deceased, Plaintiff,
v.
PUGET SOUND TUG & BARGE COMPANY, Defendant,
Cross-Complainant-Appellant,
General Motors Corporation, Defendant, Cross-Complainant-Appellee,
San Diego Marine Construction Company, Defendant,
Cross-Complainant-Appellee.
 No. 72-1493.
 United States Court of Appeals,
Ninth Circuit.
 June 13, 1973.
 
 Lewis A. Hutchison (argued), of Detels, Draper & Marinkovich, Seattle, Wash., for appellant.
 William A. Helsell (argued), T. Dennis George, of Helsell, Paul Fetterman, Todd & Hokanson, Guttormsen, Scholfield, Willits & Ager, Seattle, Wash., for appellee.
 Before BROWNING and DUNIWAY, Circuit Judges, and THOMPSON,* District Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Puget Sound Tug & Barge Company (Puget) was the owner of the tug Mercury. San Diego Marine Construction Company (San Diego) was the builder of the vessel, and General Motors Corporation (GMC) was the manufacturer of the tug's main propulsion engines. On August 27, 1967, John Nickert, the First Assistant Engineer, died as the consequence of a fire on the Mercury. This wrongful death action was brought against Puget, on allegations of the vessel's unseaworthiness, against San Diego for defective vessel design and manufacture, and against GMC for defective design and manufacture of the vessel's starboard main engine.
 
 
 2
 Puget brought a cross-action against both San Diego and GMC for fire damage to the vessel and for indemnity if it should be held liable to plaintiff for Nickert's death. San Diego also cross-claimed against GMC for indemnity in the event it should be found liable to plaintiff for Nickert's death and for indemnity in the event it should be found liable for the fire damage to the tug.
 
 
 3
 At the conclusion of the trial, the jury returned special verdicts, one on the issues between plaintiff and the three defendants, the other on the issues respecting liability and indemnity under the cross-claims between the three defendants. The first verdict resulted in a judgment for damages for wrongful death in favor of plaintiff and against the three defendants which is final and has been satisfied.
 
 
 4
 Post-trial motions were filed. San Diego moved for a judgment for indemnity against GMC and for dismissal with prejudice of Puget's claim against it for fire damage to the vessel. These motions were granted and the rulings have been affirmed on appeal.
 
 
 5
 Puget's motion for a new trial was granted. An attempt by GMC to appeal from this order was dismissed, the order being nonappealable. Thus, the action remained pending in the District Court for retrial of the issues between Puget and GMC concerning the latter's liability to Puget for indemnity against the Nickert judgment and for fire damage to the tug. Both Puget and GMC presented motions for partial summary judgment. After consideration of the motions, the District Court entered the following order which is the subject of the instant appeal:
 
 
 6
 "If Puget Sound Tug & Barge Company is found negligent in any manner proximately causing or contributing to the fire or the death of John Nickert, it will be denied any relief on its cross-claim for indemnity."
 
 
 7
 The trial judge certified that the ruling involves a controlling question of law as to which there is substantial ground for a difference of opinion and that an immediate appeal, as authorized by 28 U.S.C. Sec. 1292(b), may materially advance the ultimate termination of this litigation. An order of this Court granted the petition of Puget Sound Tug & Barge Co. for leave to appeal under 28 U.S.C. Sec. 1292(b). We have concluded that the order granting the appeal was improvidently entered. It is, therefore, appropriate to vacate the order granting the interlocutory appeal. Molybdenum Corporation of America v. Kasey, 279 F.2d 216 (9th Cir. 1960); United States Rubber Company v. Wright, 359 F.2d 784 (9th Cir. 1966).
 
 
 8
 The question involved in the district judge's pre-trial ruling is this: When a seaman or his representative is not precluded by statute from suing his employer for personal injury or death, does the decision in Halcyon Lines v. Haenn Ship Ceiling & Refitting Corp., 342 U.S. 282, 72 S.Ct. 277, 96 L.Ed. 318 (1952), require that contribution or indemnity be denied among joint tortfeasors?
 
 
 9
 The trial court answered this question in the affirmative. Other courts have agreed. In re Standard Oil Company, 325 F.Supp. 388 (N.D.Cal.1971); American Dredging Co. v. Gulf Oil Corporation, 175 F.Supp. 882 (E.D.Pa.1959). On the other hand, some courts have recently distinguished Halcyon in cases where the proposed indemnitor is not protected by a statute precluding suit against him by his employee. Horton & Horton, Inc. v. T/S J. E. Dyer, 428 F.2d 1131 (5th Cir. 1970); Watz v. Zapata Off-Shore Co., 431 F.2d 100 (5th Cir. 1970); In re Seaboard Shipping Corp., 499 F.2d 132 (2nd Cir. 1971).
 
 
 10
 While the question is an interesting one, which has not been decided by this Circuit Court, the District Court's pre-trial ruling thereon is not the type of order which will support the jurisdiction of this Court on appeal under 28 U.S.C. Sec. 1292(b). The trial court's announcement of its opinion on this question of law, although characterized as partial summary judgment, is nothing more nor less than an hypothetical, advisory opinion. It is subject to revision or reversal at any time by the trial judge to the point where a definitive action has been taken on the question; for examples, an instruction to the jury, or the adoption of a conclusion of law in a trial to the court. Similarly, an announcement by this Court of its opinion of the trial judge's tentative opinion would be purely advisory and might place the judge in a difficult, if not untenable position at the time of trial. Assume, for instance, that the Supreme Court had meanwhile expressed itself in terms incompatible with this Court's ruling, would not the trial court deem itself bound by the pronouncement of this Court as the law of the case?
 
 
 11
 An announcement by a trial court of its then opinion on an abstract question of law prior to the taking of final, definitive action affecting the substantial rights of the parties is not an "order" under 28 U.S.C. Sec. 1292(b) which will support an interlocutory appeal. Such an announcement is purely advisory, hypothetical and tentative on an issue which may never arise. Cf. United States v. Woodbury, 263 F.2d 784 (9th Cir. 1959); Control Data Corp. v. International Business Machines Corp., 421 F.2d 323 (8th Cir. 1970).
 
 
 12
 The order heretofore entered granting the interlocutory appeal is vacated.
 
 
 
 *
 The Honorable Bruce R. Thompson, United States District Judge, Reno, Nevada, sitting by designation