CHURCH OF SCIENTOLOGY FLAG SERVICE ORG., INC.,
Plaintiff-Appellee,

v.

CITY OF CLEARWATER, et al.,
Defendants-Appellants.

AMERICANS UNITED FOR SEPARATION OF CHURCH AND STATE, et al., Plaintiffs-Appellees,

v.

CITY OF CLEARWATER, FLORIDA, etc., et al., Defendants-Appellants.

CHURCH OF SCIENTOLOGY FLAG SERVICE ORG., INC.,
Plaintiff-Appellant,

v.

CITY OF CLEARWATER, et al.,
Defendants-Appellees.

AMERICANS UNITED FOR SEPARATION OF CHURCH AND STATE, et al., Plaintiffs-Appellants,

v.

CITY OF CLEARWATER, FLORIDA, et al., Defendants-Appellees.

Nos. 84–3232, 84–3236, 84–3543 to 84–3546, 84–3574 and 84–3575.

United States Court of Appeals, Eleventh Circuit.

Nov. 13, 1985.

Lawrence R. Velvel, Rockville, Md., Alan S. Zimmet, City Atty's. Office, Clearwater, Fla., for City of Clearwater.

Eric M. Lieberman, New York, N.Y., Paul B. Johnson, Tampa, Fla., for Church of Scientology Flag Service Org., Inc.

Lee Boothby, Berrien Springs, Mich., Frank M. Palmour, Maitland, Fla., for Americans United for Separation of Church and State, et al.

James R. Wolf, Gen. Counsel, Harry Morrison, Jr., Asst. Gen. Counsel, Tallahassee, Fla., for amicus Fla. League of Cities.

Before TJOFLAT and KRAVITCH, Circuit Judges, and DUMBAULD *, District Judge.

TJOFLAT, Circuit Judge:

These consolidated appeals involve challenges brought by two separate plaintiff groups to the constitutionality of a repealed City of Clearwater, Florida ordinance and its successor ordinance, both of which regulated charitable solicitation.[1] The district court declared the first ordinance unconstitutional and permanently enjoined its enforcement. The district court declared the second ordinance facially constitutional and certified the issue to this court for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) (1982).

We vacate the district court's first decision for want of a case or controversy. We decline to pass on its second decision because leave to appeal pursuant to section 1292(b) was improvidently granted.

## I.

### A.

On October 6, 1983, the City of Clearwater enacted Ordinance No. 3091–83 which sought to regulate charitable solicitation. The ordinance required charitable organizations that wished to solicit funds in Clearwater to register with the City, maintain certain records, disclose the sources and uses of their contributions, refrain from engaging in fraudulent solicitation practices, and submit to an investigation by the City Attorney on the complaint of ten or more individuals. The operative provisions of the ordinance were to become effective on January 31, 1984.

Americans United for Separation of Church and State and several other named plaintiffs (collectively "Americans United") brought a ten-count action in the district court on January 20, 1984 to enjoin the City and its officers from enforcing the ordinance. Each count raised a discrete constitutional claim.[2] On January 23, the Church of Scientology Flag Service Organization, Inc. ("Church of Scientology") brought a separate twelve-count action for injunctive relief on grounds similar to those raised by Americans United.[3] Both plaintiffs moved the court for a temporary restraining order pursuant to Fed.R.Civ.P. 65(b); such an order became unnecessary, however, when

---

* Honorable Edward Dumbauld, U.S. District Judge for the Western District of Pennsylvania, sitting by designation.

1. The plaintiffs' challenges were brought pursuant to 42 U.S.C. § 1983 (1982), which provides:

 Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

 The district court's jurisdiction over these claims was conferred by 28 U.S.C. § 1331 (1982) and 28 U.S.C. § 1343(a)(3) (1982).

2. Americans United alleged that the ordinance violated the due process and equal protection clauses of the fourteenth amendment; the free speech, free press, free exercise and establishment of religion clauses of the first amendment; the commerce clause; and the right to privacy guaranteed by the first, fourth, fifth, and ninth amendments.

3. The district court took no formal action on the City's motion to consolidate the two cases. It therefore entered duplicate orders whenever an issue arose common to both cases.

the City agreed not to enforce the ordinance pending a final determination on the merits.

The court scheduled a final hearing on the plaintiffs' prayers for a permanent injunction[4] on March 9, 1984. At the hearing, the parties requested the court to limit the scope of the hearing to the facial validity of the ordinance and defer to a subsequent hearing its decision on the plaintiffs' claims that the ordinance was unconstitutional as applied. The court granted the parties' request and confined the hearing to the facial constitutionality of the ordinance. The parties presented no evidence save a brief stipulation between the Church of Scientology and the City. They stipulated to the existence of the ordinance, that the City was a municipality of the state, that the Church of Scientology was a Florida corporation, and that it sells books and pamphlets and pays some Scientologists commissions on funds they solicit. These parties also stipulated that the court had subject matter jurisdiction over their case and that venue was proper. Finally, the City advised the court that it would not challenge the Church of Scientology's standing to bring the suit, except as to those claims alleging that the ordinance violated the freedom of religion clauses of the first amendment.

Americans United and the City stipulated to nothing. On the standing issue, the City maintained an inconsistent position. The City advised the court that it would not contest any of the Americans United plaintiffs' standing to sue; at the same time, the City said it reserved the right to challenge the standing of any of such plaintiffs to prosecute any of their claims. The court did not resolve this inconsistency.

After entertaining argument from counsel on the facial validity of the ordinance, the court directed counsel to file post-hearing memorandums by March 16. On March 15, the City Commission enacted an emergency ordinance, No. 3479–84, as an amendment to Ordinance No. 3091–83. The amended ordinance consisted of a comprehensive scheme to regulate charitable solicitation, making substantial modifications to Ordinance No. 3091–83. It provided for the repeal of any conflicting ordinance, thereby effectively repealing Ordinance No. 3091–83. As an emergency ordinance, it would have automatically expired at the end of ninety days if not passed as a non-emergency ordinance within that time.[5]

The City promptly notified the district court and the plaintiffs' counsel of the amended ordinance. Rather than allowing the plaintiffs to amend their complaints and adjudicate the validity of the new ordinance, the district court, on March 28, proceeded to determine the facial validity of repealed Ordinance No. 3091–83. Without specifying which of the several counts of the plaintiffs' complaints it was deciding, the court declared the repealed ordinance unconstitutional and permanently enjoined its application and enforcement. The court held that the ordinance was overly burdensome of first amendment rights, given the legitimate state interest involved, and was also impermissibly vague and discriminatory.

The court justified its jurisdiction to adjudicate the validity of the repealed ordinance on two grounds. First, a finding of no jurisdiction would encourage cities to enact laws affecting the constitutional rights of its citizens and, if challenged in court, simply amend such laws, thereby prolonging the period of uncertainty as to citizens' rights. Second, the court, noting the large number of cases pending on its docket, stated that it could not permit the litigants to delay the completion of their cases by amending their pleadings at the eleventh-hour and thereby occupy "someone else's day" in court. Accordingly, an immediate

---

**4.** The plaintiffs prayed for preliminary and permanent injunctive relief. Fed.R.Civ.P. 65(a)(2) authorized the court to consolidate their application for a preliminary injunction with the trial of the action on the merits.

**5.** The emergency ordinance explicitly provided for its expiration in 90 days. The Clearwater City Charter also mandated a 90-day expiration period for emergency ordinances.

decision terminating the instant cases was mandated. The court terminated the Americans United case by granting the injunctive relief sought and "dismissing" the case.[6] The court similarly terminated the Church of Scientology case, granting the relief sought and dismissing eleven of the twelve counts of the plaintiff's complaint.[7] The court's dispositive order failed to dispose of the twelfth count, however. Consequently, the court retained jurisdiction of that much of the Church of Scientology case.

The City appealed the court's injunctive orders. We assume jurisdiction of these appeals pursuant to 28 U.S.C. § 1292(a)(1) (1982).[8]

### B.

On April 20, 1984, the Church of Scientology, seeking to enjoin the enforcement of the emergency ordinance, No. 3479–84, moved the district court for leave to amend the remaining count of its complaint. Its proposed amendment presented the same constitutional challenges that had been addressed to the original ordinance. At the same time, the Church of Scientology moved the court to issue a temporary restraining order prohibiting the City from enforcing Ordinance No. 3479–84. A hearing on these motions commenced one hour

after they were filed. The Church of Scientology appeared, but the City did not. The court granted both motions and set April 27 as the date it would hear the plaintiff's application for a preliminary injunction. The hearing was continued, and the parties stipulated to an extension of the temporary restraining order pending resolution of such application.

The City of Clearwater enacted Ordinance No. 3479–84 as a permanent ordinance on May 17, 1984. On May 21, Americans United instituted a new action in the district court seeking injunctive relief and challenging the constitutionality of Ordinance No. 3479–84 on the grounds raised in its previous suit. Simultaneously, Americans United moved for a temporary restraining order, which the court granted. On May 24, the Church of Scientology also filed a new suit, seeking the same relief as Americans United on essentially the same grounds. At this point, the Church of Scientology had two identical suits pending, the newly filed suit and the previous case whose complaint had been amended.[9] On May 30, the court set July 13 as the date for a final hearing on both plaintiffs' applications for injunctive relief.[10] Shortly thereafter, the City moved, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss the plaintiffs' complaints for failure to state a claim

---

**6.** As we indicate in the text *supra,* Americans United's complaint contained 10 counts. The district court's dispositive order, however, did not indicate the count or counts on which the court granted relief. We do know that the court did not adjudicate the counts alleging that the ordinance was unconstitutional as applied. As to these counts, the dispositive order dismissing the case is open to two interpretations: the court either dismissed them with prejudice, i.e., on the merits, or without prejudice, meaning that the plaintiffs could refile their suit if the district court's order was reversed on appeal. The problem such an order presents a litigant occupying Americans United's position is that it must cross appeal from the district court's disposition of the dismissed counts. If not, it runs the risk that a subsequent court could read the district court's dispositive order as dismissing the presumably "unadjudicated" counts on the merits, thus barring the plaintiff from litigating such counts. This problem will not arise in this instance, however, because we vacate the dis-

trict court's order and direct the dismissal of the case without prejudice.

**7.** The court did not indicate whether these counts were being dismissed with or without prejudice, thus raising the problem we discuss *supra* note 6.

**8.** 28 U.S.C. § 1292(a)(1) (1982) provides that the courts of appeals shall have jurisdiction of appeals from interlocutory orders of the district courts granting or refusing to grant injunctions. These appeals are Nos. 84–3232 (Church of Scientology) and 84–3236 (Americans United).

**9.** The two Church of Scientology cases and the Americans United case challenging the new ordinance were not consolidated by the district court. *See supra* note 3.

**10.** The court consolidated plaintiffs' applications for preliminary injunctive relief with the trial on the merits pursuant to Fed.R.Civ.P. 65(a)(2). *See supra* note 4.

for relief, and Americans United moved the court for summary judgment. On June 19, the court issued an order informing the parties that it would limit the scope of the final hearing to the question of the facial constitutionality of the new ordinance.[11]

The final hearing was held, as scheduled, on July 13, 1984. When the hearing began, the court announced that it would not consider the merits of any of the pending motions or receive any evidence. Rather, the court would only address the facial constitutionality of the ordinance in the abstract. During the hearing it became apparent that the court was concerned with one other issue, the plaintiffs' standing to challenge the ordinance. When the City's attorney stated, in response to the court's inquiry as to his position, that the City was not contesting the plaintiffs' standing at that time, the court proceeded to the merits of their claims that the ordinance was unconstitutional on its face.

After hearing the argument of counsel, the court stated that, in its view, each and every section of the amended ordinance was facially constitutional, and, on July 23, the court entered written orders to that effect in the two Church of Scientology cases and the Americans United case. The orders stated, in addition, that the facial constitutionality of the ordinance constituted a controlling question of law as to which there was substantial ground for difference of opinion and that an immediate appeal pursuant to 28 U.S.C. § 1292(b) (1982)[12] may materially advance the ultimate termination of the litigation. An ad-

ministrative panel of this court subsequently granted the plaintiffs leave to appeal from these interlocutory orders.[13]

At the July 13 hearing, the district court indicated that, although the new ordinance was facially valid, it would enjoin the City from enforcing the ordinance pending our disposition of any section 1292(b) appeals that may be taken. The City objected, contending that the court's decision upholding the ordinance rendered an injunction inappropriate and that, at the very least, the City should be able to enforce the ordinance's less burdensome provisions. On July 23, the court, after issuing the orders declaring the ordinance valid, issued a second set of orders converting the still extant temporary restraining orders to preliminary injunctions prohibiting the City from enforcing the portions of the ordinance that dealt with a charitable organization's obligation to register with the City and to maintain certain records. The court gave no reasons for this action.

The City did not appeal from this preliminary injunction. The Church of Scientology has appealed, however, contending that the court erred in declaring the ordinance constitutional and that it should have enjoined the enforcement of the ordinance in its entirety.[14]

### C.

On July 31, 1984, the Church of Scientology, in an effort to get the district court to rule on its claims that the new ordinance

---

**11.** Because the July 13 hearing was limited to the facial constitutionality of the ordinance, the court must not have intended the hearing to be the sort of final hearing apparently contemplated by its May 30 order. *See supra* note 10.

**12.** 28 U.S.C. § 1292(b) (1982) provides that:
When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have juris-

diction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

**13.** These appeals are Nos. 84-3574 (Church of Scientology) and 84-3575 (Americans United).

**14.** Jurisdiction over these appeals (Nos. 84-3543 and 84-3545) is conferred by 28 U.S.C. § 1292(a)(1) (1982). *See supra* note 8.

was unconstitutional as applied, moved the district court, in both of its cases, for a temporary restraining order prohibiting the City from enforcing the ordinance and requested the court to schedule an evidentiary hearing on its undisposed application for a preliminary injunction. A hearing on the motion for a temporary restraining order was held two days later. The Church of Scientology and the City appeared and presented argument. At the conclusion of the hearing, the court announced from the bench that it would deny the motion and would not give the Church of Scientology a hearing on its application for a preliminary injunction. Later in the day, the court issued written orders denying the plaintiff's motion for a temporary restraining order and its application for a preliminary injunction. The Church of Scientology appeals from these orders.[15]

After the parties' perfected their respective appeals, the Church of Scientology moved this court for an injunction prohibiting the City from enforcing Ordinance No. 3479–84 pending our disposition of such appeals. See Fed.R.App.P. 8. An administrative panel of this court granted the motion without opinion.

In deciding the parties' appeals, we first dispose of the district court's orders prohibiting the City from enforcing the repealed ordinance, No. 3091–83. We vacate those injunctive orders principally because the controversy they adjudicated was, and is, moot. Second, we dismiss the section 1292(b) appeals from the district court's determination that the new ordinance, No. 3479–84, is facially constitutional because leave to prosecute these appeals was improvidently granted. Third, we affirm the district court's refusal to grant the Church of Scientology's applications for a preliminary injunction because the Church failed to establish the criteria necessary for the granting of preliminary injunctive relief.

## II.

### A.

■ The City of Clearwater has appealed from the district court's order in both the Americans United and the Church of Scientology cases declaring repealed Ordinance No. 3091–83 unconstitutional and permanently enjoining its enforcement. Because we conclude that the issue of the ordinance's validity was moot at the time it was decided, we vacate the district court's orders enjoining the ordinance's enforcement and remand the two cases with instructions that they be dismissed without prejudice.[16]

■ The Constitution limits the exercise of the judicial power to cases and controversies. U.S. Const. art. III, § 2. An action that has become moot or academic does not present a justiciable controversy within the case or controversy clause. See Aetna Life Insurance Co. v. Haworth, 300 U.S. 227, 239–40, 57 S.Ct. 461, 463–64, 81 L.Ed. 617 (1937). The case must consist of a present, live controversy in order to "avoid advisory opinions on abstract propositions of law." Hall v. Beals, 396 U.S. 45, 48, 90 S.Ct. 200, 201–02, 24 L.Ed.2d 214 (1969) (per curiam).

In addition to the constitutional limits on jurisdiction, the Supreme Court has established a long-standing policy of refusing to decide constitutional issues unless strictly necessary. Rescue Army v. Municipal Court, 331 U.S. 549, 568–72, 67 S.Ct. 1409, 1419–21, 91 L.Ed. 1666 (1947). "If there is one doctrine more deeply rooted than any other in the process of constitutional adjudication, it is that we ought not to pass on questions of constitutionality ... unless such adjudication is unavoidable." Spector Motor Service v. McLaughlin, 323 U.S. 101, 105, 65 S.Ct. 152, 154, 89 L.Ed. 101 (1944). This rule is basic to the federal system and the judicial function within that structure. Rescue Army v. Municipal

---

**15.** Jurisdiction over these appeals (Nos. 85–3544 and 84–3546) is conferred by 28 U.S.C. § 1292(a)(1) (1982). See supra note 8.

**16.** Because we do not decide these appeals on the merits, it follows that our direction to the district court must be to dismiss the cases without prejudice.

*Court,* 331 U.S. at 570–71, 67 S.Ct. at 1420–21.[17] Ordinance No. 3091–83 was no longer in force when the district court declared it unconstitutional.[18] "Where by . . . a subsequent law, the existing controversy has come to an end, the case becomes moot and should be treated accordingly." *United States v. Alaska S.S. Co.,* 253 U.S. 113, 116, 40 S.Ct. 448, 449, 64 L.Ed. 808 (1920).[19]

The district court justified its adjudication of the repealed ordinance on two grounds. First, the court had to decide the question; otherwise, the City could enact laws affecting the plaintiffs' constitutional rights and avoid an adjudication of the validity of those laws by amending them prior to a decision. In an appropriate case this concern might justify reaching a decision on the validity of an ordinance no longer in force.[20] However, in this instance there was no indication that the City was acting in a manipulative fashion in order to prevent an adjudication or that any reasonable likelihood existed that Ordinance No. 3091–83 would regain vitality.[21] The proper course of action would have been to allow the plaintiffs to amend their

---

**17.** The rule is a corollary of the case and controversy requirement and works to achieve the same purpose. *Rescue Army v. Municipal Court,* 331 U.S. at 570–71, 67 S.Ct. at 1420–21. The line between the two is often very thin. *Id.; see also* 13A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3533.1, at 224–26 (2d ed. 1984).

**18.** The Church of Scientology argues in its brief that Ordinance No. 3479–84 would have expired by its own terms in 90 days if not reenacted and that the old ordinance would then be revived. Brief for Appellee at 9–10, 21 n. 13. No citation is given to support this assertion, nor did the district court discuss this issue of state law. We note, however, that Ordinance No. 3479–84 provided for the repeal of inconsistent ordinances and made no provision for bringing the prior ordinance back to life. There is some doubt whether the City of Clearwater would have the power under state law or its charter to enact such a measure.

**19.** *See Hearn v. Hudson,* 549 F.Supp. 949 (W.D. Va.1982) (repeal of challenged ordinance rendered moot a prayer for declaration of unconstitutionality); 6A J. Moore, J. Lucas & G. Grotheer, Moore's Federal Practice ¶ 57.13, at 57–127 (2d ed. 1984) ("statute passed during the course of litigation may make unnecessary a determination of the former controversy").

An actual controversy must exist at all stages of review. *Preiser v. Newkirk,* 422 U.S. 395, 401, 95 S.Ct. 2330, 2334, 45 L.Ed.2d 272 (1975). It is clear that the controversy over Ordinance No. 3091–83 retains no vitality at this stage of review. Ordinance No. 3479–84 has been permanently enacted and is the subject of vigorous litigation between the same parties. Accordingly, it would now be appropriate to vacate the judgments below with directions to dismiss the cases even if some controversy had existed at the time of the district court decision. *See United States v. Munsingwear, Inc.,* 340 U.S. 36, 39–40, 71 S.Ct. 104, 106–07, 95 L.Ed. 36 (1950).

**20.** *See City of Mesquite v. Aladdin's Castle, Inc.,* 455 U.S. 283, 102 S.Ct. 1070, 71 L.Ed.2d 152 (1982), where the City of Mesquite repealed the complained of portion of an ordinance after a district court declared it unconstitutional, but the appeal was not rendered moot because the City had announced an intention to reenact the objectionable language if the judgment were vacated. *Id.* at 289 & n. 11, 102 S.Ct. at 1074–75 & n. 11.

**21.** The fact that the ordinance was repealed and a new one enacted indicates that the City wished to regulate the subject matter in question, but believed there were problems with the original ordinance. Under these circumstances, it does not appear that any likelihood existed of a return to the original ordinance.

Ample measures exist that would prevent a city from using last-minute amendments to avoid a determination on the constitutionality of its ordinances. For example, the rule that voluntary cessation of challenged conduct will not moot a controversy if there is a reasonable expectation that the alleged violation will recur might be applicable. *See County of Los Angeles v. Davis,* 440 U.S. 625, 631, 99 S.Ct. 1379, 1383, 59 L.Ed.2d 642 (1979). Review might also be available under the "capable of repetition yet evading review" exception to the mootness doctrine. This doctrine has two elements: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 349, 46 L.Ed.2d 350 (1975) (per curiam). The "capable of repetition" exception is not applicable to the present situation because there is little likelihood that review will be evaded. The City has enacted Ordinance No. 3479–84, regulating conduct similar to that regulated by the former ordinance, and the new ordinance is subject to review.

complaints and proceed to litigate the ordinance then in effect.[22]

The court's second ground for deciding the validity of the repealed ordinance requires no discussion and no citation of authority. The fact that the court was laboring under a heavy docket and desired to bring these cases to a quick conclusion simply did not, and could not, justify the resolution of a constitutional question in the absence of a live controversy.

### B.

 In addition to presenting no live controversy over Ordinance No. 3091–83, the record contains no facts to support the district court's implied finding that the plaintiffs had standing to challenge the constitutionality of the ordinance. A threshold question in every federal case is whether the plaintiff has made out a justiciable case or controversy within the meaning of article III. *See Warth v. Seldin,* 422 U.S. 490, 498, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975). This requires that the minimum constitutional standing requirements be demonstrated: actual or threatened injury, fairly traceable to the challenged action, and redressable by a favorable decision. *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464, 472, 102 S.Ct. 752, 758, 70 L.Ed.2d 700 (1982).

The district court received no evidence, except a brief stipulation between the Church of Scientology and the City, prior to entering its injunctive orders. It merely entertained counsel's arguments on the legal question of the ordinance's facial constitutionality. Contrary to Fed.R.Civ.P. 52(a), the only facts the court recited in its orders were the enactment of the ordinance and the municipal status of the City.[23] These facts and those contained in the stipulation between the Church of Scientology and the City, as detailed in Part I.A., *supra,* did not provide an adequate basis to justify a finding of standing. There was no indication that the Church of Scientology operated in Clearwater and would be affected or injured by the ordinance.

 It is true that the City informed the court that, except for the Church of Scientology's first amendment freedom of religion claims, it would not challenge the standing of the Church of Scientology to bring the action. A plaintiff does not acquire standing merely because the defendant raises no objection. Standing is a matter of the case-or-controversy requirement of article III, and a district court is obliged to ensure that this jurisdictional requirement is satisfied. *Juidice v. Vail,* 430 U.S. 327, 331, 97 S.Ct. 1211, 1215, 51 L.Ed.2d 376 (1977). In short, the district court was not free to rely on the City's concession on standing. Further, the City's concession excluded claims based on the freedom of religion clauses of the first amendment, which were the heart of the Church of Scientology's challenge to the ordinance and provided the basis for the district court's conclusion that the ordinance was unconstitutional.

 Americans United and the City made no stipulation. The City did advise the court that it would not question the Americans United plaintiffs' standing, but in the same breath it insisted on reserving the right to challenge the standing of any of such plaintiffs to prosecute any of their

---

**22.** There are numerous cases illustrating the principle that where a challenged ordinance is amended during litigation the appropriate course is to proceed to a consideration of the amended ordinance. *See, e.g., International Soc'y for Krishna Consciousness v. City of Houston,* 689 F.2d 541, 543 (5th Cir. Unit A 1982); *Milwaukee Mobilization for Survival v. Milwaukee County Park Comm'n,* 477 F.Supp. 1210, 1215 (E.D.Wis.1979).

**23.** Fed.R.Civ.P. 52(a) requires the court to "find the facts specially and state separately its conclusions of law" in all actions tried without a jury. The only facts noted in the district court's memorandum opinion and orders were that the City, a municipality of the State of Florida, enacted the ordinance in question, the plaintiffs challenged the ordinance, the City agreed not to enforce the ordinance pending the litigation, and the ordinance was subsequently amended. These facts had little, if any, bearing on the plaintiffs' standing to sue.

claims. This inconsistent statement, which went unresolved, accomplished nothing. As to the plaintiffs in each of the cases before it, the court was obligated to determine that they had adequate standing to present their constitutional challenges. Bald assertions, or concessions, of counsel could not suffice. Standing is a mixed question of fact and law.[24] To the extent that it is a question of fact, the court must *find* the facts and recite them in a fashion that will accommodate appellate review. *See* Fed.R.Civ.P. 52(a).

### III.

▮ Americans United and the Church of Scientology were granted leave to appeal, pursuant to 28 U.S.C. § 1292(b) (1982),[25] the interlocutory orders of the district court declaring Ordinance No. 3479–84 facially constitutional. We have concluded that their motions for leave to appeal these interlocutory orders were improvidently granted and vacate the orders allowing the appeals to proceed.

The district court, at its July 13 hearing on the facial validity of the new ordinance, expressly declined to consider Americans United's motion for summary judgment and the City's motions to dismiss each of the cases for failure to state a claim. Instead, the court ruled on the constitutionality of the ordinance in the abstract without any factual or evidentiary foundation. We have determined that the question of the constitutionality of the ordinance is not ripe for appellate review for several reasons.

There is no evidence in the record informing us whether the parties had standing to bring their constitutional challenges. As stated in Part II.B., *supra,* it is not possible to determine whether any of the plaintiffs had standing to challenge the original ordinance. The problem became exacerbated when the plaintiffs attacked the new ordinance. Two new suits were instituted, and the Church of Scientology's original complaint was amended, but no factual findings have been made to support the new claims. The transcript of the July 13 hearing merely indicates that the City would not contest the plaintiffs' standing at that time. As we have stated, *supra,* the court had a constitutional obligation to ensure that the jurisdictional standing requirements were met. *See Juidice v. Vail,* 430 U.S. at 331, 97 S.Ct. at 1215.[26]

The statute permitting discretionary interlocutory review requires that the district judge have issued "an *order* not otherwise appealable." 28 U.S.C. § 1292(b) (1982) (emphasis added).[27] Although the district court's decision on the facial constitutionality of Ordinance No. 3479–84 was denominated an order, we conclude that it was not an order within the meaning of the statute. The ruling was a mere expression of the district court's view of the law unassociated with the disposition of any claim. *See Nickert v. Puget Sound Tug & Barge Co.,* 480 F.2d 1039, 1041 (9th Cir.1973) (per

---

**24.** Because standing is jurisdictional, a reviewing court must satisfy itself that the constitutional requirements are satisfied. *Secretary of State v. Joseph H. Munson Co.,* 467 U.S. 947, ——, 104 S.Ct. 2839, 2846 n. 4, 81 L.Ed.2d 786 (1984). This is a legal determination based on the facts established by the record.

**25.** *See supra* note 12.

**26.** We do not intimate any view on whether the plaintiffs can establish standing to sue. We merely note that it is impossible to make the determination on the basis of the record before us.

**27.** 28 U.S.C. § 1292(b) also requires us to assess whether "an immediate appeal ... may materially advance the ultimate termination of the litigation." We have considerable doubt wheth-

er an appeal in this instance satisfies this standard. The plaintiffs have sought preliminary injunctive relief alleging that the ordinance is facially unconstitutional and unconstitutional as applied. They are entitled to prompt consideration of their motions for preliminary relief. The district court has closed these cases pending the plaintiffs' appeal of its interlocutory orders, depriving the plaintiffs of the opportunity to put forth evidence and establish their right to preliminary relief. The "ultimate termination" of this litigation would have best been accomplished by proceeding to a determination of the motions for a preliminary injunction. Appellate review of the grant or denial of the injunction would then have been appropriate. *See supra* note 8.

curiam); *Okolinsky v. Philadelphia, Bethlehem & New England Railroad,* 282 F.2d 70, 71 (3d Cir.1960). The court answered a hypothetical, abstract question of law. Its ruling had no concrete effect.

An appellate ruling on the facial validity of the new ordinance would be purely advisory. Aside from the constitutional prohibition against the rendering of advisory opinions, it would be unwise for us to establish part of the law of the case at this time. Such a decision could present difficulties for the district court and the parties beyond our ability to foresee as the case proceeds to a determination on the merits. *See Nickert v. Puget Sound Tug & Barge Co.,* 480 F.2d at 1041; *Molybdenum Corp. v. Kasey,* 279 F.2d 216, 217 (9th Cir.1960) (per curiam). What we have said deserves special emphasis where a constitutional question is at issue. The deeply rooted doctrine that questions of constitutionality not be reached unless strictly necessary, *see Rescue Army v. Municipal Court,* 331 U.S. at 568–72, 67 S.Ct. at 1419–21, is particularly appropriate in this instance where no evidentiary or factual background is presented, no claims have been disposed of, and a purely hypothetical question is involved.

### IV.

The Church of Scientology has appealed from the orders the district court entered following its facial constitutionality ruling which enjoined the enforcement of portions of Ordinance No. 3479–84 but declined to enjoin the ordinance in its entirety. The Church of Scientology has also appealed from the district court's denial of a preliminary injunction on its claim that the ordinance was unconstitutional as applied. We affirm the district court's denial of the applications for preliminary injunctive relief.

---

**28.** No findings of fact or conclusions of law accompanied the district court's orders denying preliminary injunctive relief.

The elements a plaintiff must satisfy to obtain a preliminary injunction are firmly established. The plaintiff must show that: (1) there is a substantial likelihood that it will prevail on the merits at trial; (2) it will suffer irreparable harm if injunctive relief is not granted; (3) the benefits of the injunction will outweigh the harm it will cause the defendant; and (4) the issuance of the injunction will not harm public interests. *Callaway v. Block,* 763 F.2d 1283, 1287 (11th Cir.1985). A district court's order denying a preliminary injunction will not be reversed absent an abuse of discretion. *Id.*

The record is devoid of any evidence indicating that this plaintiff established a right to an injunction.[28] It presented no evidence and established none of the criteria. The Church of Scientology would have us hold that it was entitled to preliminary injunctive relief as a matter of law solely on the basis of its naked allegations.[29] This of course we cannot do.

### V.

Several consolidated appeals are presented in this case. Because we have determined that the controversy over Ordinance No. 3091–83 was moot when decided, we order, in Nos. 84–3232 and 84–3236, that the injunctions be VACATED and the cases dismissed without prejudice. We have found that leave to appeal the interlocutory orders in Nos. 84–3574 and 84–3575 was improvidently granted. We accordingly VACATE the orders granting such leave. We AFFIRM the district court's denial of the Church of Scientology's motions for a preliminary injunction in Nos. 84–3543, 84–3544, 84–3545, and 84–3546.

---

**29.** The Church of Scientology has not complained of the district court's refusal to schedule a hearing on its application for a preliminary injunction. We therefore need not address the issue.