**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 10 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JANE DOE LS 340 et al., | No. 24-5063 |
| Plaintiffs - Appellees, | D.C. No. 3:23-md-03084-CRB |
| v. | |
| UBER TECHNOLOGIES, INC.; RASIER, LLC; RASIER-CA, LLC, | MEMORANDUM* |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted October 8, 2024
San Francisco, California

Before: McKEOWN, KOH, and JOHNSTONE, Circuit Judges.

Uber Technologies, Inc., Rasier LLC, and Rasier-CA, LLA ("Uber") appeal

from the district court's order declaring the collective action waiver in Uber's

terms of use (the "Collective Action Waiver") unenforceable. We previously

granted Uber permission to file this appeal pursuant to 28 U.S.C. § 1292(b) and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

consolidated this appeal with Uber's pending petition for writ of mandamus because they appeared to raise overlapping issues. We conclude that permission to file this appeal pursuant to 28 U.S.C. § 1292(b) was improvidently granted.[1]

"Under 28 U.S.C. § 1292(b) parties may take an interlocutory appeal when exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130 (9th Cir. 2022) (internal quotation marks omitted). Jurisdiction under Section 1292(b) requires "(1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion [as to that question], and (3) that an immediate [resolution of that question] may materially advance the ultimate termination of the litigation." *Id.* (alteration in original) (quoting *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1981)). "If we conclude that the requirements have been met, we may, but need not, exercise jurisdiction." *Taylor v. Cnty. of Pima*, 913 F.3d 930, 933 (9th Cir. 2019) (quoting *In re Cement Antitrust Litig.*, 673 F.2d at 1026). "Whenever it appears that an order granting interlocutory appeal was improvidently granted, it is the duty of the court to vacate it." *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966) (per curiam); *see ICTSI*, 22 F.4th at 1131 ("[N]othing precludes this court from declining to assert jurisdiction after

---

[1] We resolve Uber's mandamus petition in a concurrently filed Opinion.

oral arguments.").

Since this Court granted interlocutory appellate review, the parties have changed their positions. Plaintiffs initially urged us to grant Uber's petition for interlocutory review but have since reversed course and argued that 28 U.S.C. § 1407(e) strips us of jurisdiction over this interlocutory appeal. Uber, for its part, seemingly eschews the remedies it requested in the district court and instead argues that the proper remedy was for the district court to issue a suggestion of remand, i.e. a non-binding recommendation to the Judicial Panel on Multidistrict Litigation ("JPML") that it remand the actions. In light of these changed positions, and with the benefit of additional briefing and oral argument, we have identified two defects in interlocutory appellate jurisdiction.

*First*, interlocutory review will not materially advance the litigation because the district court was largely without authority to grant the relief Uber sought. Before the district court, Uber sought an order either prohibiting plaintiffs from participating in the multidistrict litigation ("MDL"), remanding the cases to their transferor districts, or dismissing plaintiffs' cases without prejudice. The district court expressed skepticism that it had authority to grant the requested relief, but "set[] th[ose] difficulties aside" in resolving Uber's motion. *In re Uber Techs., Inc., Passenger Sexual Assault Litig.*, 734 F. Supp. 3d 934, 950 n.7 (N.D. Cal. 2024). We, however, may not do the same, because the prerequisites of Section

1292(b) are jurisdictional.

The district court lacked the authority to reconsider the JPML's order creating the MDL, as the district court acknowledged. *See id.* at 946; 28 U.S.C. § 1407(e) (prohibiting "proceedings for review of any order of the [JPML] . . . except by extraordinary writ"). Only the JPML has the authority to grant Uber's request to dissolve the MDL and remand plaintiffs' cases to their original districts. *See In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006) ("[T]he transferee court . . . has no independent authority to . . . remand." (internal quotation marks omitted)); 28 U.S.C. § 1407(a) ("Each action so transferred shall be remanded by the [JPML] . . . ."). Similarly, the district court could not grant Uber's request to prohibit plaintiffs' participation in the MDL; the JPML's order did not merely transfer the cases, but did so "for coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a); *see also PPA*, 460 F.3d at 1230 ("Implicit in Section 1407 is the assumption that the transferee judge will . . . establish a national unified discovery program to avoid delay, repetition and duplication and to insure that the litigation is processed as efficiently and economically as possible." (quoting John T. McDermott, "The Judicial Panel on Multidistrict Litigation," 57 F.R.D. 215, 217 (1973))).

The final possible remedy sought by Uber before the district court was to have plaintiffs' cases dismissed without prejudice so they could be refiled

elsewhere on an individual basis. Uber does not meaningfully defend this alternative on appeal, and it is unclear whether the district court had the authority to dismiss in this manner, as doing so would seemingly circumvent the JPML's exclusive authority to make remand determinations. But regardless, we need not resolve whether the district court had jurisdiction to entertain such a request, because dismissing plaintiff's cases only to have them refiled and relitigated anew in another jurisdiction would not "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

Perhaps in acknowledgement that the district court lacked the authority to grant Uber the requested relief, Uber took the position for the first time at oral argument that the correct remedy was none of those discussed above, but was instead to have the district court issue a suggestion of remand recommending the JPML remand the actions. *See* Multidist. Lit. R. 10.1(b)(i) (specifying that the transferee judge may initiate remand proceedings by issuing a "suggestion of remand" recommending that cases be transferred back to their original districts."). It is doubtful that we have appellate jurisdiction to consider such a request, both because it is not the relief that was sought from the district court below, *see Barahona v. Union Pac. R.R. Co*., 881 F.3d 1122, 1130 (9th Cir. 2018) ("Our jurisdiction under 28 U.S.C. § 1292(b) is limited to the certified order."), and because it would effectively require us to opine, *de novo*, on the propriety of the

24-5063

JPML's initial transfer decision, undermining the prohibition on direct appellate review of JPML orders. *See* 28 U.S.C. § 1407(e). But regardless, the JPML would be under no obligation to agree with any such suggestion of remand, and accordingly appellate review of the district court's refusal to issue one would not "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see also Nickert v. Puget Sound Tug & Barge Co.*, 480 F.2d 1039, 1041 (9th Cir. 1973) (per curiam) ("An announcement by a trial court of its then opinion on an abstract question of law prior to the taking of final, definitive action affecting the substantial rights of the parties is not an 'order' under 28 U.S.C. § 1292(b) which will support an interlocutory appeal.").

*Second*, Uber has not demonstrated that its interlocutory appeal presents "a controlling question of law as to which there is substantial ground for difference of opinion." 28 U.S.C. § 1292(b). The question presented concerns the enforceability of the Collective Action Waiver under California law, which the parties agree applies.[2] Under California law, "a party may waive a statutory provision if [1] a statute does not prohibit doing so, [2] the statute's public benefit . . . is merely incidental to its primary purpose, and [3] waiver does not seriously compromise any public purpose that the statute was intended to serve." *McGill* v. *Citibank*, 393

---

[2]    Because the parties do not dispute this, we assume without deciding that the district court correctly applied California law in evaluating the Collective Action Waiver's enforceability.

P.3d 85, 94 (Cal. 2017) (quoting *DeBerard Props., Ltd. v. Lim*, 976 P.2d 843, 849 (Cal. 1999)); *see also* Cal. Civ. Code § 3513 ("Any one may waive the advantage of a law intended solely for their benefit. But a law established for a public reason cannot be contravened by a private agreement.").

Applying this test, the district court found, in a well-reasoned opinion, that at least two public benefits of the MDL statute—conserving resources and avoiding conflicting rulings—were not "merely incidental to its primary purpose" and that those purposes would be disserved by enforcing the Collective Action Waiver. *See In re Uber Techs., Inc., Passenger Sexual Assault Litig.*, 734 F. Supp. 3d at 941–56. As explained in the concurrently filed Opinion resolving Uber's mandamus petition, this finding that the public purposes of Section 1407 would be undermined by enforcing the Collective Action Waiver is clearly correct.

Uber does not meaningfully engage with this finding, instead arguing that Section 1407 serves multiple other purposes, including promoting "the convenience of [the] parties," that would in fact be furthered by enforcement of the Collective Action Waiver. But Uber cites no California precedent to support the notion that the protections of a statute intended to serve a public purpose may be waived where the statute also serves a private purpose, a notion that appears contrary to California law. *See* Cal. Civ. Code § 3513 (permitting waiver only where "the advantage of [the] law [is] intended *solely* for [the plaintiff's] benefit"

7                                                              24-5063

and making clear that "a law established for *a* public reason cannot be contravened by a private agreement" (emphasis added)); *McGill*, 393 P.3d at 94 (prohibiting waiver if the "public benefit" of the statute is not "merely incidental to its primary purpose" or if waiver would "seriously compromise *any* public purpose that the statute was intended to serve" (emphasis added) (internal quotations omitted)). Instead, Uber relies on federal decisions applying federal statutes to contracts modifying litigation procedure. Whatever relevance this precedent may have to the JPML's application of the federal MDL statute—a matter we address in the concurrently filed opinion—this precedent is at most marginally relevant to the question of California law implicated by this interlocutory appeal, and it is certainly insufficient to establish a "substantial ground for difference of opinion" about that question. *See, e.g.*, *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (vacating order granting permission to appeal because party had failed to identify controlling question that presented substantial grounds for difference of opinion where "defendants ha[d] not provided a single case that conflicts with the district court's construction or application of" the relevant California statute).

Accordingly, we **VACATE** our August 19, 2024, order granting permission for an interlocutory appeal, **DISMISS** the appeal for lack of jurisdiction, and **REMAND** to the district court.