James Robert WILCOX,
Plaintiff-Appellant,

v.

Honorable Edward MILLER, et al.,
Defendants-Appellees.

No. 81–2447
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 15, 1982.

James R. Wilcox, Pro se.

Louis J. Raffaelli, Dist. Atty., David W. Malaby, Jr., Asst. Dist. Atty., Texarkana, Tex., for defendants-appellees.

Before GEE, RANDALL and TATE, Circuit Judges.

PER CURIAM:

Plaintiff, James Robert Wilcox, appeals the district court's denial of relief and dismissal of his civil rights action against a number of state officials. Wilcox claims that the district court erred in finding that there were no unreasonable delays in the appointment of counsel and in the preparation of a transcript for his direct appeal. He contends further that the court erred in finding that there was no evidence that state and private officials conspired to accuse him falsely of rape or to alter the transcript of his trial to assure an affirmance on appeal. We hold that the district court should have dismissed the plaintiff's complaint without reaching the merits, in light of the fact that Wilcox's conviction was still pending on appeal in state court.

Wilcox was convicted of aggravated rape and sentenced to life imprisonment on May 8, 1978. His retained attorney filed notice

of appeal on May 17. On July 24, 1978, Wilcox filed a pro se motion to secure the trial transcript. On August 1, Wilcox filed for an extension of time to file an appellate brief. On December 27, he moved for counsel to be appointed for him. His motion was granted on February 26, 1979 and attorney Jones was appointed to represent him. On June 11, 1979, Wilcox moved to replace Jones with retained counsel Lesher. The transcribed statement of facts was filed on July 31, 1979.

Wilcox initially filed his pro se complaint under 42 U.S.C. § 1983 (Supp. IV 1980), alleging that the county judge, county commissioners, court reporter and court clerk had conspired to delay the preparation of the statement of facts for Wilcox's appeal and that the judge had attempted to deny him his right to appellate counsel. The federal district court dismissed the action without responsive pleadings, ruling that the action was properly one for habeas corpus relief. We reversed on the basis of *Rheuark v. Shaw,* 547 F.2d 1257 (5th Cir. 1977).

On remand, Wilcox moved to amend his complaint[1] to add a claim under 42 U.S.C. §§ 1983, 1985(3) that the district attorney and his assistant had conspired with the rape victim and her landlord to bring the rape charges against him and that the trial judge and court reporter had conspired with these new defendants to alter the statement of facts to include testimony not given at trial. The district court permitted amendment only as to existing parties in the case and referred the matter to a magistrate for an evidentiary hearing. The

magistrate's report stated that there was no probative evidence to support Wilcox's allegations and that the trial judge and prosecutors were immune from civil liability. The district court adopted the findings of the magistrate and denied the plaintiff any relief, dismissing the complaint.

In its Order of Dismissal, the district court stated that

> there was no undue delay which denied the plaintiff of any of his constitutional rights, including perfecting an appeal to the Texas Court of Criminal Appeals, and *... that such appeal was pending at the time the evidentiary hearing on this civil rights case was conducted, and ... that any deprivation of rights that the plaintiff may have could and should be brought to the attention of the Court of Criminal Appeals.*

Record, Vol. II at 55 (emphasis added). Accordingly, we hold that the district court should have dismissed this case without reaching the merits of the plaintiff's claim in light of the existence of a pending appeal of Wilcox's criminal conviction.[2] *See Huffman v. Pursue,* 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975); *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 639 (1971).[3]

In *Younger,* the Supreme Court held that "a federal court should not enjoin a state criminal prosecution begun prior to the institution of the federal suit except in very unusual situations, where necessary to prevent immediate irreparable injury." 401 U.S. at 46, 91 S.Ct. at 751. *Younger* rests on notions of comity and federalism which

---

1. Wilcox actually moved to file a supplemental complaint. Parties often confuse the two pleadings, and the district court's treatment of the motion as a motion to amend was proper. *See* 6 C. Wright & A. Miller, *Federal Practice and Procedure* § 1473 (1971).

2. The doctrine of the law of the case does not prevent us from ordering a dismissal of the complaint where an earlier panel of this court reversed a dismissal on other grounds. *Quern v. Jordan,* 440 U.S. 332, 347 n. 18, 99 S.Ct. 1139, 1148 n.18, 59 L.Ed.2d 358 (1979); *United States v. Louisiana,* 669 F.2d 314 (5th Cir. 1982); *Key v. Wise,* 629 F.2d 1049 (5th Cir.

1980), *cert. denied,* 454 U.S. 1103, 102 S.Ct. 682, 70 L.Ed.2d 647 (1981). Our prior decision merely held that the plaintiff's initial claims stated a cause of action under section 1983. We did not reach the question of whether the complaint should have been dismissed on other grounds. In fact, there is no indication in the record that the panel was aware of the existence of a pending criminal appeal.

3. Dismissal of the plaintiff's request for declaratory as well as injunctive relief is appropriate. *Samuels v. Mackell,* 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971).

restrain federal courts from interfering with ongoing state criminal proceedings. In *Huffman,* the Court extended the *Younger* doctrine to cases involving ongoing state appellate proceedings, even where the specific appellate proceedings were not direct criminal appeals. The Court noted:

> Virtually all of the evils at which *Younger* is directed would inhere in federal intervention prior to completion of state appellate proceedings, just as surely as they would if such intervention occurred at or before trial. Intervention at the later stage is if anything more highly duplicative, since an entire trial has already taken place, and it is also a direct aspersion on the capabilities and good faith of state appellate courts.

420 U.S. at 608, 95 S.Ct. at 1210. Whether or not Wilcox has chosen to raise his claims in his direct appeal, "the pertinent issue is whether [his] constitutional claims could have been raised in the pending state proceedings." *Moore v. Sims,* 442 U.S. 415, 425, 99 S.Ct. 2371, 2378, 60 L.Ed.2d 994 (1979).

As the district court found below, Wilcox may raise all of his constitutional claims in his appeal to the Texas Court of Criminal Appeals. See Tex.Code Crim.Proc.Ann. art. 44.02 (Vernon 1979). Wilcox's allegations that he was falsely accused of rape and that his trial transcript was altered to assure an affirmance on appeal would seem to challenge the validity of his conviction, a point he presumably has raised, or should have raised, in his direct appeal.[4] Wilcox himself cites cases that demonstrate that the Court of Criminal Appeals will entertain a claim in a direct criminal appeal that the delay in preparing the statement of facts constitutes a denial of due process. *See Colunga v. State,* 527 S.W.2d 285 (Tex.Cr.App.1975); *Zanders v. State,* 515 S.W.2d 907 (Tex.Cr. App.1974), *cert. denied,* 421 U.S. 951, 95 S.Ct. 1685, 44 L.Ed.2d 106 (1975); *Cunning-*

*ham v. State,* 484 S.W.2d 906 (Tex.Cr.App. 1972). Similarly, the alleged failure, or rather delay, to appoint counsel may be raised in a criminal appeal. *Cf. Ex Parte Coleman,* 455 S.W.2d 209 (Tex.Cr.App.1970) (habeas petition granted on a claim of failure to appoint counsel on appeal where an effective out-of-time appeal was impossible because the trial transcript was no longer available).

The federal district court's findings concerning the merits of Wilcox's claim entail the exact risks that the Supreme Court sought to avoid in *Huffman.* When the Texas Court of Criminal Appeals hands down its decision in Wilcox's appeal, the resulting findings by the two courts could conceivably be inconsistent and the processes will certainly be duplicative. There is no evidence that the State's prosecution of Wilcox was in bad faith or that it constituted harassment. Indeed, the magistrate found that there had been no conspiracy falsely to accuse Wilcox of rape. Since Wilcox's case falls within none of the exceptions recognized in *Younger,* the district court should not have considered his section 1983 claim while there were ongoing state criminal proceedings. Accordingly, we vacate the district court's decision on the merits and affirm its dismissal of the complaint.

AFFIRMED IN PART, VACATED IN PART.

---

4. This contention goes in part to the validity of the plaintiff's conviction, and therefore it arguably should have been raised on a petition for habeas corpus relief rather than under 42 U.S.C. § 1983. *See Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). This claim was not raised in the original appeal, so we are not bound by our prior holding that the other claims were appropriate claims under section 1983. We need not decide whether this claim should have been raised in a habeas petition at this juncture.