**In re GREENBROOK CARPET CO., INC., Debtor.**

**Howard W. JONES, Trustee in Bankruptcy, Plaintiff-Appellant,**

**v.**

**The NATIONAL CITY BANK OF ROME, Defendant-Appellee.**

**No. 83–8565**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Jan. 3, 1984.

**660**

Howard W. Jones, Calhoun, Ga., for plaintiff-appellant.

Clinton J. Morgan, Rome, Ga., for defendant-appellee.

Before HILL, JOHNSON and HENDERSON, Circuit Judges.

PER CURIAM:

The trustee in bankruptcy for Greenbrook Carpet Co. (Greenbrook) brought this action in bankruptcy court seeking to set aside payments by Greenbrook made to the National City Bank of Rome in satisfaction of a security interest held by the bank on Greenbrook's inventory. The trustee argues that the payments constitute fraudulent transfers under 11 U.S.C. § 548(a)(2) (1982). The bankruptcy court held in favor of the bank, and the district court affirmed. The trustee now appeals to the court; finding no reversible error in the previous decisions, we affirm.

The transactions at issue in this case began in 1980 when Bill and Bob Green, principal owners of Greenbrook, attempted to obtain a loan from the bank in order to purchase a controlling block stock in Lewis Carpet Mills, Inc. (Lewis). The bank refused to make the loan because it considered the Green's collateral to be inadequate. The bank subsequently agreed, however, to loan $350,000 to Greenbrook in return for a security interest in Greenbrook's inventory. Greenbrook then transferred the loan proceeds to the Greens in return for a note. The Greens used the funds to purchase the Lewis stock and granted Greenbrook a security interest in that stock. The Greens were not personally liable on the note.

The bankruptcy court found that the bank was aware of the ultimate use to which the funds would be put; however, the court found that the bank was not aware that the Greens would not be personally liable. The bankruptcy court found that the relevant transfers between Greenbrook and the bank were supported by fair consideration of a "reasonably equivalent value," see 11 U.S.C. § 548(a)(2)(A), and concluded that the transfers therefore were valid. The trustee contends that the bankruptcy court erred by not characterizing the transfers in question as a loan directly from the bank to the Greens for which Greenbrook received in return only a relatively worthless security interest in the Lewis stock. The trustee asks this court to remand the case for reconsideration of the transaction characterized in this manner.[1]

We must accept the findings of the bankruptcy court unless they are clearly

1. The trustee also argues that we should remand this case because the district court incorrectly stated that the loan documents indicated that Greenbrook, not the Greens, would purchase the Lewis stock. The district court's statement is erroneous; however, we need not

erroneous. *In re Garfinkle,* 672 F.2d 1340 (11th Cir.1982). The trustee argues that this transaction clearly constituted a fraudulent conveyance scheme by the bank and the Greens to defraud the bankrupt. The bank argues that such a characterization of the events is not believable. We need not adopt either position, however, because the evidence certainly allowed the bankruptcy court to conclude that Greenbrook received reasonably equivalent value in the transactions.

Although the bank knew the intended use of the funds, this does not necessarily render the transfers invalid under section 548(a)(2). The bank could properly loan Greenbrook funds knowing Greenbrook would use the funds for a speculative venture. The issue under section (a)(2) is whether the *bank* received more consideration than it was due; if the transaction between Greenbrook and the Greens constituted a fraudulent transfer, the trustee may sue the Greens.

The judgment of the district court is AFFIRMED.

remand this case because it is clear that the district court reached the correct result even though it may have done so in part for the wrong reason. *See J.E. Riley Inv. Co. v. Commissioner,* 311 U.S. 55, 61 S.Ct. 95, 85 L.Ed. 36 (1940).