**Wilburt SALES, Jr., and Janice T. Sales, Plaintiffs–Appellants,**

v.

**STATE FARM FIRE AND CASUALTY COMPANY, Defendant–Appellee.**

**No. 89–8385.**

United States Court of Appeals, Eleventh Circuit.

June 5, 1990.

Richard Wayne Hendrix, Finch, McCranie, Brown & Thrash, Atlanta, Ga., for plaintiffs-appellants.

H. Michael Bagley and Daniel C. Kniffen, Drew, Eckl & Farnham, Atlanta, Ga., for defendant-appellee.

Before HATCHETT, ANDERSON and DYER, Circuit Judges.

HATCHETT, Circuit Judge:

We reversed this case and ordered a new trial because the district court improperly instructed the jury on a crucial and controlling element of the law of Georgia. On remand, the district court granted summary judgment to one of the parties based on the factual determinations made by the improperly instructed jury. We reverse and remand.

## FACTS

On October 16, 1983, a fire destroyed Janice and Wilburt Saleses' ("the Saleses") home. State Farm Fire and Casualty Co.'s ("State Farm") homeowners policy named both Wilburt and Janice Sales as the insureds. Wilburt Sales submitted a sworn proof of loss statement in which he declared that he did not cause the damage. State Farm, however, refused to pay the claim because it believed that Wilburt Sales had committed arson.

In March, 1984, the Saleses brought this lawsuit in the United States District Court for the Northern District of Georgia to recover the insurance proceeds. At trial, the district court instructed the jury that, under the doctrine of innocent co-insureds, Janice Sales, if innocent of misconduct, could recover even if the jury found that Wilburt Sales had committed arson.[1] The jury awarded Janice Sales over $70,000 for the property damage and $14,300 in bad-faith damages and attorney's fees. The jury returned a verdict for State Farm on Wilburt Sales's claim. This court reversed the Janice Sales judgments. *Sales v. State Farm Fire and Casualty Co.*, 849 F.2d 1383 (11th Cir.1988) ("*Sales I*").

---

1. The district court instructed the jury as follows:

    I charge you that the obligation of the insurance carrier in this case should be considered several as to each person insured. That means you must consider this policy and its relationship to Mr. Sales and to Mrs. Sales and the fraud or misconduct of one insured should not bar recovery by the innocent coinsured to the extent of his or her respective interest in the property involved.

    Accordingly, even if you should find that the plaintiff Wilburt Sales might be guilty of misconduct in causing or burning his house down, such misconduct would not bar recov-

ery by Janice Sales unless you find she was actually involved in these fraudulent acts. So you have to ask yourself did Mr. Sales intentionally set fire to his dwelling or did he cause it to be done? Then you have to say did Mrs. Sales set the fire or did she cause someone to set it for her?

    If you find say that Mr. Sales intentionally burned his own dwelling that would not necessarily cause Mrs. Sales if she didn't have anything to do with it, she was not involved and she didn't do it herself or did not cause it to be done to someone else, she could still recover.

This court held that under Georgia law, the specific language of the contract at issue controls the doctrine of innocent co-insureds. After reviewing the language of the contract, this court concluded that Janice Sales could not recover if her husband engaged in forfeitable conduct because the insurance contract applied to both Janice and Wilburt Sales jointly and severally, rather than separately.[2] This court remanded the case for a new trial.

Following remand, State Farm filed a petition for rehearing seeking modification of the mandate on the grounds that the order for a new trial was inconsistent with the analysis in the opinion. State Farm argued that no issue remained to be tried and that the district court should have been instructed to enter an order in its favor as a matter of law. We denied the petition.

## PROCEDURAL HISTORY

Subsequent to denial of rehearing, State Farm sought summary judgment based on the law of the case doctrine. It argued that factual disputes that were resolved in *Sales I* entitled them to judgment as a matter of law. After reviewing this court's opinion, the district court concluded that the mandate ordering a new trial did not preclude the entry of summary judgment. The district court further concluded that no issues remained for a jury to resolve and entered summary judgment in favor of State Farm.

## CONTENTIONS

The Saleses appeal the district court's grant of summary judgment contending that material factual issues remain which must be resolved at a trial. State Farm, on the other hand, contends that the district court properly ruled that the first trial and this court's opinion resolved all material factual issues.

## ISSUES

The issue on appeal is whether the district court erred by granting State Farm's motion for summary judgment.

## DISCUSSION

A mandate from this court ordering a new trial does not preclude the district court from entering summary judgment if all of the appropriate requirements are met. *See Shelkofsky v. Broughton*, 388 F.2d 977 (5th Cir.1968) (reversal for a trial by jury did not preclude the district court from disposing of the case summarily if the evidence offered was insufficient to warrant submission to the jury).[3] Consequently, the district court acted properly in considering State Farm's motion for summary judgment. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A party moving for summary judgment "has the burden of showing that there is no genuine issue of fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). We conduct a *de novo* review of the district court's decision to grant summary judgment. *Tackitt v. Prudential Insurance Co. of America*, 758 F.2d 1572, 1574 (11th Cir.1985).

State Farm does not rely on pleadings, depositions, or affidavits to show the absence of any genuine issues as to material facts. Rather, State Farm relies on the "law of the case" doctrine, arguing that factual disputes that the jury resolved in

---

**2.** We stated:
    We conclude that the "fraud" provision is triggered if Mr. Sales intentionally burned his house and then tried to claim under the insurance policy. Since the 'fraud' provision states that the entire policy is void if any insured conceals or misrepresents material facts, we conclude that Mrs. Sales' rights under the policy may be voided by Mr. Sales' fraudulent

conduct. We believe that Georgia's decision to let the insurance contract determine the rights of the parties mandates this result. *Sales*, 849 F.2d at 1386.

**3.** The Eleventh Circuit in *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir.1981) (*in banc*), adopted, as precedent, decisions of the former Fifth Circuit prior to October 1, 1981.

*Sales I* are binding. According to State Farm, where a jury's factual determinations are affirmed on appeal, under the law of the case doctrine, litigants cannot later retry the same issues.

The law of the case doctrine was created to ensure that authority and responsibility remain properly allocated among the courts. The doctrine is based on the premise that an appellate decision is binding in all subsequent proceedings in the same case unless the presentation of new evidence or an intervening change in the controlling law dictates a different result, or the appellate decision is clearly erroneous and, if implemented, would work a manifest injustice.

*Litman v. Massachusetts Mut. Life Ins. Co.*, 825 F.2d 1506, 1510 (11th Cir.1987), *cert. denied*, 484 U.S. 1006, 108 S.Ct. 700, 98 L.Ed.2d 652 (1988). The doctrine underscores the fundamental principle that litigants who choose their trial strategy, litigate accordingly, and lose, are not entitled to resurrect a previously abandoned issue. *See Baumer v. United States*, 685 F.2d 1318, 1321 (11th Cir.1982).

■ The law of this case, as established in *Sales I*, is two-fold. First, the parties are bound by this court's holding that the jury was incorrectly instructed concerning the law governing this case. We held that the district court should afford State Farm a new trial based on this error. Crucial to further proceedings is the fact that this court established, as the law of this case, that one co-insured may not recover on this contract if the other co-insured engaged in forfeitable conduct.

Second, this court ruled against Wilburt Sales in his cross-appeal. We held that the district court properly admitted evidence concerning Wilburt Sales's prior fire losses. Therefore, at the new trial this evidence will again be admissible.

Nothing in *Sales I* suggests that this court affirmed the factual findings concerning the Saleses. To the contrary, the application of the incorrect law undermined the disposition of *Sales I*. The lawyer for Wilburt and Janice Sales developed trial strategy and presented the case under an erroneous view of the law. Likewise, the district court made its rulings under an erroneous view of the law. Thus, Wilburt Sales's lawyer may have focused the trial on proving Janice Sales's innocence believing that approach sufficient to allow one of the co-insureds to recover.

The facts which were material for recovery in *Sales I*, may or may not be the same as the facts which would permit recovery under the law which will govern the new trial. As the Supreme Court stated, "the substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248, 106 S.Ct. at 2510. The parties are entitled to formulate trial strategy based on the facts material for recovery under the correct law. In other words, the law determines the legal issues, and the legal issues determine the relevant and material facts. Any disputes as to material facts under the correct legal theory must be resolved by a jury at the new trial. Therefore, the district court erred in finding that no genuine issue of material fact existed based on the vacated jury verdict. At this point, the new law will dictate the new material facts. The law of the case doctrine is intended to apply in cases where the parties have had a full and fair opportunity to litigate issues under the correct law.

Finally, when a case is remanded for a new trial, "the district court is constrained to follow the mandate issued by the appellate court" except in certain limited situations not present here. *Litman*, 825 F.2d at 1516. "The consequences of *ad hoc* examinations of the propriety of unambiguous mandates are too grave to be allowed." *Litman*, 825 F.2d at 1516. This court's opinion in *Sales I* was not ambiguous. The mandate was not ambiguous. In fact, when considered in light of our denial of State Farm's petition for rehearing, it is clear that this court intended that the case be retried in accordance with the correct law with material factual disputes, if any, submitted to a jury.

## CONCLUSION

The district court erred in granting State Farm's motion for summary judgment.

Accordingly, we reverse the district court's grant of summary judgment and remand the case for a new trial.

REVERSED and REMANDED.