Joe Frank HARRIS, Governor, et al., Petitioners,

v.

Horace LUCKEY, III, et al., Respondents.

No. 90–9062.

United States Court of Appeals, Eleventh Circuit.

Nov. 16, 1990.

William B. Hill, Jr., Michael E. Hobbs, Alfred L. Evans, Jr., Atlanta, Ga., for petitioners.

David A. Webster, Emory University School of Law, Robert B. Remar, Neil Bradley, Laughlin McDonald, Kathleen Wilde, Derek Aphrin, American Civ. Liberties Union Foundation, Inc., Atlanta, Ga., for respondents.

Before HATCHETT, COX and BIRCH, Circuit Judges.

BIRCH, Circuit Judge:

Appellants (defendants below) have presented to this court a petition for permission to appeal pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5. For the reasons that follow, the petition is GRANTED.

## I. BACKGROUND

Appellees (plaintiffs below) filed their complaint in this case on October 24, 1986 and their amendment to that complaint on November 25, 1986. The class action was initiated by two groups of plaintiffs: (1) all present and future indigent persons charged with criminal offenses in the courts of Georgia; and, (2) all attorneys who represent indigent defendants in those courts.

Plaintiffs contend that certain systemic deficiencies [1] in the Georgia indigent criminal defense system deny indigent criminal defendants their sixth amendment right to counsel, their due process rights under the fourteenth amendment, their right to bail under the eighth and fourteenth amendments, and equal protection of the laws guaranteed by the fourteenth amendment. Plaintiffs seek intervention by the federal courts in the state indigent criminal representation system to establish minimum constitutional standards and to enforce adherence to those court-ordered standards.

The defendants in the action are, respectively, the Governor of the State of Georgia and all judges of the state courts of Georgia who appoint attorneys or otherwise arrange for the defense of indigent criminal defendants.

Defendants, through their counsel, the Attorney General of the State of Georgia, filed a motion to dismiss based upon several alternative theories.[2] On June 24, 1987, the district court entered an order dismissing the case, concluding that jurisdiction was lacking due to "the State's invocation of Eleventh Amendment immunity".[3] Thereafter, in response to plaintiffs' motion for reconsideration, the district court entered a subsequent order on December 31, 1987 which held "that assuming that the Eleventh Amendment is no bar to maintenance of this action, the action must be dismissed for failure to state a claim for

---

1. These deficiencies include: inadequate resources; delays in the appointment of counsel; pressure on appointed counsel to hurry their clients' cases to trial or to enter a guilty plea; and inadequate supervision in the Georgia indigent criminal defense system.

2. The theories relied upon by defendant Joe Frank Harris in his original motion to dismiss (filed December 1, 1986) included: (1) lack of jurisdiction under the eleventh amendment; (2) no Article III "case or controversy"; (3) the

"federal question" presented lacked "substantiality"; and (4) the presentation of "non-justiciable" claims. The legal basis for the motion to dismiss filed by the defendant Superior Court Judges (on December 17, 1986) included grounds identical to those asserted by the Governor of Georgia in his motion.

3. Order of Judge Harold L. Murphy, United States District Court For The Northern District Of Georgia, dated June 24, 1987, at 6.

which relief can be granted".[4]

An appeal to this court followed. Defendants' appellate brief and reply briefs focused on the eleventh amendment and statement of claim issues and did not advance any arguments addressing issues of equity, comity or federalism. Plaintiffs' briefing was consistent with the approach employed by defendants. In seeking to have this court affirm the dismissal by the district court on any grounds,[5] the defendants presented several arguments[6] in their brief on appeal. None of these arguments, however, embraced the concepts of comity or federalism.[7] A panel of this court[8] entered its decision on November 23, 1988. *Luckey v. Harris*, 860 F.2d 1012 (11th Cir.1988). That opinion did not address the abstention doctrine.

The defendants filed a suggestion of rehearing *en banc* on December 13, 1988. In that application to the court, defendants cited neither *Younger v. Harris* nor

*O'Shea v. Littleton,* and invocation of the abstention doctrine was not advanced or suggested. Thereafter, a poll was conducted pursuant to I.O.P. 5 (under Fed.R. App.P. 35 and 11th Cir.R. 35). Because an "affirmative vote of a majority of circuit judges in regular active service" was not obtained, the court entered a *per curiam* order on December 29, 1989 denying the petition for rehearing *en banc*.[9] A dissent[10] was filed with the order of denial.[11] The panel's *per curiam* opinion did not address the abstention doctrine issue, but the dissent noted that the abstention doctrine had not been "asserted expressly" before concluding that the court should have considered the issue.[12] In his dissent, Judge Edmondson also stated that the panel's opinion in the instant case conflicted with two prior decisions which were binding on the court: *Gardner v. Luckey*, 500 F.2d 712 (5th Cir.1974), *cert. denied*, 423 U.S. 841, 96 S.Ct. 73, 46 L.Ed.2d 61 (1975),

---

4. Order of Judge Harold L. Murphy, United States District Court For The Northern District Of Georgia, dated December 31, 1987, at 1. The district court concluded: "This Court cannot rule that a delay of a certain number of days or the State's failure to provide a certain number of dollars for defense expenses constitutes an across-the-board future inevitability of ineffective assistance under any set of facts alleged or implied in the plaintiffs' complaint. The Court thus holds that the complaint fails to state a claim for relief, and the complaint will be dismissed." *Id.* at 6.

5. This approach was predicated upon the axiom, acknowledged in their initial appellate brief at page 11, that a trial court's final judgment will be affirmed on appeal if it is correct for any reason, even where the stated ground for the decision is superfluous or erroneous. *See In re Greenbrook Carpet Co., Inc.,* 722 F.2d 659, 660 n. 1 (11th Cir.1984).

6. Defendants' brief primarily raised four arguments: (1) the eleventh amendment bar is fully applicable to the facts in the case; (2) there exists no "case or controversy" sufficient to support federal jurisdiction; (3) the alleged "federal questions" lack that degree of "substantiality" required for the exercise of federal subject matter jurisdiction; and, (4) the action is subject to dismissal for its failure to state a claim for which relief could be granted, emphasizing (a) the nonjusticiable nature of the "funding" issues, (b) the political question nature of the claims and (c) the futility of the relief sought against the defendants named.

7. The seminal Supreme Court decisions discussing comity and federalism and the abstention doctrine, *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) and *O'Shea v. Littleton,* 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974), were cited only once in the defendants' brief (on page 23), relative to this comment: "'Injury in fact' means injury which is real rather than merely abstract, theoretical, conjectural or speculative." The comment was made in the context of the argument that no "case or controversy" was presented in the case. This argument was specifically addressed by the panel in *Luckey v. Harris,* 860 F.2d 1012, 1016 (11th Cir.1988), *cert. denied,* —— U.S. ——, 110 S.Ct. 2562, 109 L.Ed.2d 744 (1990).

8. The panel consisted of two active circuit judges, Judge Robert S. Vance and Judge Joseph W. Hatchett, and a district judge, Judge Thomas E. Scott, sitting by designation. Judge Vance authored the opinion.

9. The order indicates that Judge Vance participated in the poll prior to his death on December 16, 1989.

10. The dissent was authored by Judge J.L. Edmondson, and Chief Judge Gerald B. Tjoflat, Judge Peter T. Fay, and Judge Emmett R. Cox concurred therein.

11. The denial of rehearing *en banc* and dissent are reported at 896 F.2d 479 (11th Cir.1989).

12. *Id.* at 481.

and *Tarter v. Hury,* 646 F.2d 1010 (5th Cir. Unit A June 1981). Thereafter, the Supreme Court denied defendants' *certiorari* petition.

This court, in its initial opinion reversing the dismissal of the action by the district court, remanded the case "for further proceedings consistent with this opinion." *Luckey v. Harris,* 860 F.2d at 1018. On remand, defendants filed a motion to dismiss based upon the abstention doctrine and the rulings of the Fifth Circuit applying that doctrine, *Gardner v. Luckey* and *Tarter v. Hury,* which they argued would be binding on this court under *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981). Defendants stated that since the abstention doctrine question had not been presented to, or adjudicated by, this court there was no "law of the case" problem before the district court.[13] The district court disagreed.

In an order entered on July 10, 1990, the district court thoroughly considered the abstention issue before concluding that defendants' motion to dismiss, based on considerations of comity, equity and federalism, was meritorious. However, the court felt constrained by the "law of the case" to deny defendants' post-remand motion to dismiss. In pertinent part, the district court opined as follows:

> [T]his Court believes that the abstention doctrine applies because, in its opinion, requiring the state, prospectively, to run an indigent defense system consistent with constitutional norms is an unwarranted intrusion into the business of the state.
>
> Despite the Court's perception of the strength of its opinion based on what it believes to be settled law, the entire Eleventh Circuit was faced with Judge Edmondson's arguments and declined to rehear the case, or even to stay the mandate pending Supreme Court review of the *certiorari* petition. This situation puts the Court in a difficult situation. On the one hand, as Defendants argue in

their reply brief, the appellate panel did not expressly reach abstention and the denial of rehearing without an opinion bears little, if any, precedential weight.

On the other hand, by soundly reversing this Court, denying rehearing, denying rehearing *en banc* in the face of Judge Edmondson's dissent, and denying Defendants' motion to stay the mandate pending the Supreme Court's disposition of Defendants' petition for a writ of *certiorari,* the Eleventh Circuit gave this Court the clear message that this case should be heard. The Court therefore concludes, under the law of the case, that the abstention doctrine does not apply. *See Litman v. Massachusetts Mutual Life Insurance Company,* 825 F.2d 1506, 1510 (11th Cir.1987), *cert. denied,* 484 U.S. 1006 [108 S.Ct. 700, 98 L.Ed.2d 652] (1988). The Court's conclusion is reinforced by the fact that abstention goes to the equitable jurisdiction of this Court such that the appellate court should have ordered that this Court abstain had it concurred in Judge Edmondson's reasoning.

The Court makes clear that it would have dismissed the complaint on abstention grounds were it not for this Court's conclusion regarding the Eleventh Circuit's rulings. The Court is sympathetic to the concerns of the Plaintiffs, as it believes that the relief they seek would make it easier for the state to provide for the constitutional rights of indigent criminal defendants. The Court's concern, however, is that the far reaching remedy sought runs afoul of federalism principles that lie at the heart of our constitutional form of government.

Due to the significance and magnitude of this case, however, the Court *sua sponte* certifies, under 28 U.S.C. § 1292(b), that this ruling "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litiga-

---

**13.** Defendants rely on *Wilcox v. Miller,* 691 F.2d 739 (5th Cir.1982) in support of their position

on the "law of the case" issue.

tion." If this Court has erred in its interpretation of the Eleventh Circuit rulings, then the error can be corrected before the necessarily protracted proceedings in this complex case of first impression have consumed substantial judicial and financial resources.

District Court Order at 10–12 (July 10, 1990) (footnote omitted).

After entry of the order by the district court, quoted in pertinent part above, defendants filed a petition for permission to appeal to this court pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5. As framed by defendants, the issue to be considered on this application is "whether there is a 'law of the case' barrier to the District Court's jurisdictional dismissal of this case in accordance with controlling Supreme Court and Eleventh Circuit precedent on the applicability of the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 [91 S.Ct. 746, 27 L.Ed.2d 669] (1971)."[14]

## II. DISCUSSION

Under 28 U.S.C. § 1292(b), the district court may certify an interlocutory order for appeal if the order (1) involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. *Ray v. Edwards*, 725 F.2d 655, 658 (11th Cir. 1984). The statute requires an "order" from the district court that is directly associated with the disposition of at least a claim, if not the entire case itself. *See Church of Scientology Flag Service Org., Inc. v. City of Clearwater*, 777 F.2d 598,

608 (11th Cir.1985), *cert. denied*, 476 U.S. 1116, 106 S.Ct. 1973, 90 L.Ed.2d 656 (1986). Moreover, the jurisdiction of this court is not confined to the precise question certified by the district court because the statute presents the "order" to us, not merely the question. *See United States v. Stanley*, 483 U.S. 669, 677, 107 S.Ct. 3054, 3060, 97 L.Ed.2d 550 (1987).

■ Applying the statutory criteria, it is manifest that we should exercise our discretion and grant the petition for immediate review, because our review of the order below will determine the immediate future of this case. In that order, the district court plainly and unequivocally stated that it would abstain and dismiss plaintiff's case[15] but for its determination that, under the law of *this* case, the abstention doctrine does not apply.[16] The legal issue as to whether the law of the case in this action would prohibit a dismissal of plaintiffs' claims through invocation of the abstention doctrine is squarely presented. Accordingly, the order certified for review involves a controlling question of law which may ultimately terminate this litigation.

The remaining consideration, therefore, is whether substantial grounds for a difference of opinion exist on the law of the case preclusion issue. A review of several recent decisions by this court[17] on law of the case suggests that fertile ground for disagreement exists given the circumstances of this case. This court's most recent opinion discussing the law of the case doctrine states:

> The doctrine does not extend to every issue that could ever be raised in a given

---

**14.** *See* Defendants' "Petition For Permission To Appeal To The United States Court Of Appeals For The Eleventh Circuit Under 28 U.S.C. § 1292(b) And F.R.A.P. 5," at 7–8. Plaintiffs agree that this is the issue now before the court. *See* Plaintiffs' "Answer In Opposition To Petition For Permission To Appeal," at 3–4.

**15.** Order of Judge Harold L. Murphy, United States District Court For The Northern District Of Georgia, dated July 10, 1990, at 9.

**16.** Order of Judge Harold L. Murphy, United States District Court For The Northern District Of Georgia, dated July 10, 1990, at 11.

**17.** *See Heathcoat v. Potts*, 905 F.2d 367, 370 (11th Cir.1990); *Sales v. State Farm Fire and Cas. Co.*, 902 F.2d 933, 935 (11th Cir.1990); *Litman v. Massachusetts Mut. Life Ins. Co.*, 825 F.2d 1506 (11th Cir.1987), *cert. denied*, 484 U.S. 1006, 108 S.Ct. 700, 98 L.Ed.2d 652 (1988); *Church of Scientology Flag Serv. Org., Inc. v. City of Clearwater*, 777 F.2d at 598; *Gaines v. Dougherty County Bd. of Educ.*, 775 F.2d 1565 (11th Cir.1985); *Ray v. Edwards*, 725 F.2d 655 (11th Cir.1984).

litigation but rather is limited to those issues previously decided; the law is clear, however, that the law of the case doctrine "comprehends things *decided by necessary implication* as well as those decided explicitly." *Wheeler v. City of Pleasant Grove*, 746 F.2d 1437, 1440 (11th Cir.1984) (per curiam) (emphasis in original; quotation omitted); *Piambino [v. Bailey]*, 757 F.2d [1112] at 1120 [ (11th Cir.1985) ].

*Heathcoat v. Potts*, 905 F.2d 367, 370 (11th Cir.1990). Accordingly, we must decide whether the panel decision announced on November 23, 1988 determined the abstention question by implication, since that issue was not expressly presented to or decided by this court.

Defendants contend that the Fifth Circuit's decision in *Wilcox v. Miller*, 691 F.2d 739 (5th Cir.1982), is persuasive authority for finding that the district court is not precluded from invoking the abstention doctrine. In *Wilcox* the complaint was dismissed by the district court, which concluded that habeas corpus was the proper remedy when delays were alleged in appointment of counsel for indigent criminal defendants. On the initial appeal the Fifth Circuit reversed, finding that habeas corpus was not a viable remedy since the complaint did not seek release from, or modification of, confinement. The court of appeals ruled instead that the action was cognizable as a section 1983 civil rights action. On remand, the district court found in favor of the defendants on the merits following an evidentiary hearing. The plaintiff appealed again and the Fifth Circuit held, notwithstanding the decision of its prior panel on the first appeal, that the matter should not have been tried, but should have been dismissed pursuant to the abstention doctrine. In the second *Wilcox* appeal, the Fifth Circuit found that:

The doctrine of the law of the case does not prevent us from ordering a dismissal of the complaint where an earlier panel of this court reversed a dismissal on other grounds.

*Wilcox v. Miller*, 691 F.2d at 740 n. 2. Plaintiffs argue that, contrary to the situation in *Wilcox*, the issue of abstention was raised "during the rehearing process, and therefore stand[s] rejected." [18] Defendants counter that there was no indication in the court's denial as to why a majority was not persuaded to grant rehearing *en banc*, so it is mere surmise or speculation to ascribe any particular reason or basis to the denial. Defendants equate a summary order of denial by this court to the Supreme Court's denial of *certiorari*, which, they argue, does not in any way constitute an opinion on the merits of the case in which the petition is denied. *See, e.g.*, *Hughes Tool Co. v. Trans World Airlines, Inc.*, 409 U.S. 363, 365 n. 1., 93 S.Ct. 647, 650, 34 L.Ed.2d 577 (1973). Defendants could be correct; there are substantial grounds for their contention that the district court was not bound by law of the case to reject the abstention doctrine of *Younger*.

■ The dissent insists that this court's prior denial of defendants' petition for rehearing *en banc* should preclude the district court from dismissing this action under the abstention doctrine. By attempting to attach precedential weight to a denial of rehearing *en banc*, however, the dissent suggests an untenable rule. If a poll results in the denial of a petition for rehearing *en banc*, and that denial establishes the law of the case, then any judge who disagreed with any part of a challenged panel opinion would be obligated to vote in favor of *en banc* review. Failure of the poll would place the weight of the full court behind every conceivable express or implied holding in the panel opinion. Such a practice would be unwieldy and ultimately unworkable.[19]

---

18. Plaintiffs' "Answer In Opposition To Petition For Permission To Appeal," at 7.

19. In the instant case, it is quite possible that some of the judges on this court voted against rehearing *en banc* because they felt that the district court should hear the federalism, comity and abstention arguments, and rule upon them,

before we took up those issues on appeal. In any event, the absence of stated reasons for the denial illustrates the danger in ascribing any meaning to that decision within the context of the law of the case. This is particularly important in light of the standard set out in the 11th

Based upon the foregoing, it seems that granting the petition to appeal the district court's order will permit us to consider a controlling question of law, on which there is a substantial ground for difference of opinion, which may materially advance the ultimate termination of the litigation. Moreover, to realize the full benefit from this procedure, further proceedings in the district court should not be undertaken pending resolution of this appeal. Accordingly, we hereby stay all proceedings in the district court pending resolution of this appeal. The parties are directed to comply with the I.O.P. under Fed.R.App.P. 5.

HATCHETT, Circuit Judge, dissenting:

The real issue in this case is: How many times may a litigant lose the same case by raising new grounds of defense? In the original litigation, Georgia's state court judges and the state of Georgia moved to dismiss this action on the grounds of (1) eleventh amendment immunity, (2) lack of Article III "case or controversy," (3) lack of federal question "substantiality," and (4) lack of a justiciable claim. The district court dismissed the case on the basis of eleventh amendment immunity. Upon reconsideration, the district court dismissed the case for failure to state a claim upon which relief could be granted. Significantly, issues regarding comity, federalism, and abstention, were never pleaded, never briefed, never argued, and never ruled upon.

In *Luckey v. Harris*, 860 F.2d 1012, 1018 (11th Cir.1988), we reversed the district court holding:

Appellants have alleged that systemic delays in the appointment of counsel deny them their sixth amendment right to the representation of counsel at critical stages in the criminal process, ham-

per the ability of their counsel to defend them, and effectively deny them their eighth and fourteenth amendment right to bail, that their attorneys are denied investigative and expert resources necessary to defend them effectively, that their attorneys are pressured by courts to hurry their case to trial or to enter a guilty plea, and that they are denied equal protection of the laws. Without passing on the merits of these allegations, we conclude that they are sufficient to state a claim upon which relief could be granted. *See Ake v. Oklahoma*, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985); *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972); *Coleman v. Alabama*, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970); *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); *Hamilton v. Alabama*, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961).

We remanded the case for further proceedings consistent with the opinion. At the request of a judge of the court, the court conducted an en banc poll. The court voted not to reconsider the case en banc. Judge Edmondson filed a dissent to the court's failure to take the case en banc, the heart of which states:

The most troublesome aspect of this case is its disregard for federalism and comity between federal and state courts. The lower federal courts are not and ought not to be the general supervisors of state courts; yet this is what the complaint seeks. Lower federal courts— that is, district and circuit courts—can enforce the sixth amendment against the states; but the appropriate enforcement mechanism is post-conviction habeas cor-

Cir.R. 35–3 ["Extraordinary Nature of Suggestions of In Banc Consideration."]:

A suggestion of in banc consideration, whether upon initial hearing or rehearing, is an extraordinary procedure intended to bring to the attention of the entire court a precedent-setting error of exceptional importance in an appeal or other proceeding, and, with specific reference to a suggestion of in banc consideration upon rehearing, is intended to bring to

the attention of the entire court a panel opinion that is allegedly in direct conflict with precedent of the Supreme Court or of this circuit. Alleged errors in a panel's determination of state law, or in the facts of the case (including sufficiency of the evidence), or error asserted in the panel's misapplication of correct precedent to the facts of the case, are matters for rehearing before the panel but not for in banc consideration.

pus relief, operating on a case-by-case basis and grounded upon a finding of prejudice.

*Luckey v. Harris,* 896 F.2d 479, 480–81 (11th Cir.1989) (Edmondson, J., dissenting). Judge Cox and two other judges joined in the dissent. The state of Georgia and Georgia's judges then sought *certiorari* in the United States Supreme Court. The United States Supreme Court denied *certiorari. Harris v. Luckey,* —— U.S. ——, 110 S.Ct. 2562, 109 L.Ed.2d 744 (1990). The Eleventh Circuit issued its mandate.

What is to be done upon issuance of the mandate? The district court is to proceed in accordance with the Eleventh Circuit's opinion. That is, it must try the issues that the parties have "joined."

Picking up on the dissent from the Eleventh Circuit's denial of en banc consideration, the state of Georgia and Georgia's state court judges filed another motion to dismiss. Not only did the motion to dismiss raise new and untimely grounds for dismissal, but the grounds offered mirrored those outlined in Judge Edmondson's dissent: comity, federalism and abstention.

The district court held that the law of the case kept it from dismissing the complaint on these new, untimely, recently-suggested grounds. Having correctly ruled on this issue, the district court nevertheless certified the case for interlocutory appeal finding that this ruling "involves a controlling question of law as to which there is substantial ground for difference of opinion." *See* 28 U.S.C. § 1292(b).

The law of the case barred the district court's dismissal of this action. As the district court correctly reasoned when denying the motion to dismiss:

> by soundly reversing this Court, denying rehearing, denying rehearing *en banc* in the face of Judge Edmondson's dissent, and denying Defendants' motion to stay the mandate pending the Supreme Court's disposition of Defendants' petition for a writ of *certiorari,* the Eleventh Circuit gave this Court the clear message that this case should be heard. The Court therefore concludes, under the law of the case, that the abstention doc-

trine does not apply. *See Litman v. Massachusetts Mutual Life Insurance Company,* 825 F.2d 1506, 1510 (11th Cir. 1987), *cert. denied,* 484 U.S. 1006, 108 S.Ct. 700, 98 L.Ed.2d 652 (1988).

The public and legal community expect more from the federal courts. When every pleading can be amended on demand, and every previous ruling can be revisited and reversed at any time, a legal system becomes chaotic. When the outcome of a case changes simply because the membership of a court changes, the public's respect for the legal system is eroded.