BARKETT, Circuit Judge,
specially concurring:
I concur fully in the majority opinion except as to the majority’s treatment of Younger abstention in Part IIA in upholding the district court dismissal of the claims against the defendant judges. I write separately to clarify that in my opinion Younger does not apply here because there is no pending state proceeding. In Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), the Supreme Court held that federal courts should abstain from enjoining ‘pending state criminal court proceedings. Id. at 53, 91 S.Ct. at 755. The Court’s holding in Younger was based on two principles: comity and equity. Id. at 44, 91 S.Ct. at 750. The first of these principles, and the most predominant in Younger, is the notion of comity, which is “a recognition of the fact that the entire country is made up of a union of separate state governments” whose functions should be accorded respect. This concept of “Our Federalism,” which played a role in the ratification of the Federal Constitution and is contained therein, represents “a system in which there is sensitivity to the legitimate interests of both State and National Governments,' and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States.” Id. at 44, 91 S.Ct. at 750-51. Additionally, Younger noted “the basic doctrine of equity jurisprudence that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief.” Id. at 43-44, 91 S.Ct. at 750.
The Supreme Court subsequently extended Younger abstention to the civil context when important state interests are challenged, see, e.g., Middlesex County Ethics Comm. v. Garden State Bar Assn., 457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982); Ohio Civil Rights Comm. v. Dayton Christian Sch., Inc., 477 U.S. 619, 106 S.Ct. 2718, 91 L.Ed.2d 512 (1986), and when the relief sought in federal court was declaratory, rather than injunctive in nature. Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971). But the Supreme Court has never applied Younger abstention when no state proceeding was pending because the comity concerns (though not necessarily the equity principles) that underlie it simply are not implicated. See Ankenbrandt v. Richards, 504 U.S. 689, 705, 112 S.Ct. 2206, 2216, 119 L.Ed.2d 468 (1992) (“Absent any pending proceeding in state tribunals, therefore, application by the lower courts of Younger abstention was clearly erroneous.”);[1] see also Doran v. Salem Inn, Inc., 422 U.S. 922, 930, 95 S.Ct. 2561, 2567, 45 L.Ed.2d 648 (1974) (holding that when there is no pending state proceeding, individuals may receive a *1554 preliminary injunction because it does not disrupt the state courts and because there is no available forum in which to raise the constitutional claims); Hoover v. Wagner, 47 F.3d 845, 848 (7th Cir.1995) (“The [Younger] doctrine is inapplicable here because none of the plaintiffs is [presently] being prosecuted for anything.”); Parker v. Turner, 626 F.2d 1, 10 (6th Cir.1980) (Merritt, J., concurring) (stating that the existence of a pending state proceeding is a crucial part of the Younger abstention doctrine); 17A Wright, Miller & Cooper, § 4253, at 212 (“Younger v. Harris and its companion eases went to great pains to make it clear that the rules there laid down applied only if there was a prosecution pending in state courts at the time the federal proceeding was begun.”); Erwin Cheme-rinsky, Federal Jurisdiction § 13.3, at 736-37 (2d ed. 1994) (“The prevailing view in the lower courts is that permanent injunctions are allowed in the absence of ongoing state proceedings.... [T]he rationale of Younger is that if there are state proceedings, constitutional claims should be raised there. But if no such proceedings are pending, federal court relief is appropriate.”). Moreover, binding precedent in this circuit holds that Younger does not apply when there is not a pending state proceeding. Ealy v. Littlejohn, 569 F.2d 219, 232 (5th Cir.1978) (“When there will be no interruption of ongoing state criminal proceedings, and thus no threat to proper federal-state relations, Younger does not bar federal intervention so long as the plaintiff can satisfy the requirements of federal jurisdiction, and can demonstrate (i) exceptional circumstances and (ii) that an injunction is necessary for adequate protection of constitutional rights.”).[2]
Because there is no pending state proceeding in this case, the notions of comity and federalism on which Younger primarily relied are not implicated here.[3] Younger “Our Federalism” abstention, therefore, does not apply here. O’Shea v. Littleton, 414 U.S. 488, 499, 94 S.Ct. 669, 677-78, 38 L.Ed.2d 674 (1974); Ealy, 569 F.2d at 233 (“[TJhere was no state prosecution pending against these plaintiffs when they instituted the present suit, thus making the Younger holding inapplicable.”); Luckey v. Harris, 896 F.2d 479, 479 (11th Cir.1989) (Edmondson, J., dissenting); Hoover, 47 F.3d at 848; see also Chemerinsky § 13.3, at 748. Nevertheless, the general equitable principles reiterated in Younger do apply here.
In applying these general equitable principles to the facts of this case, I reach the same result the majority does. However, I conclude that the district court properly dismissed plaintiffs claims against the judges not because Younger abstention applies, but because equitable relief is inappropriate here because the plaintiffs lack the elements necessary for general equitable relief: an inadequate remedy at law and irreparable injury. Neither of these elements are present because the plaintiffs are not barred from rais *1555 ing their claims during the course of any future state court proceedings they may be involved in, or challenging an adverse ruling through the state appeals process, or invoking state and federal habeas avenues if they do not otherwise succeed.[4] In Ealy, an injunction issued because there was no interruption of ongoing state proceedings, exceptional circumstances were present, and an injunction was necessary for adequate protection of constitutional rights; in this case, however, the last requirement is not satisfied; an injunction is not necessary for adequate protection of constitutional rights because plaintiffs are not barred from raising their claims during any fixture state court proceeding and, therefore, their constitutional rights are sufficiently safeguarded. See 569 F.2d at 232.
The Supreme Court recognized these principles in O’Skea. In O’Shea, the Court held that the plaintiffs lacked standing to bring their claim because it was speculative that they would again commit a crime and be brought before the municipal court. But the Court went on to state that, even if plaintiffs had standing (thereby allowing the Court to reach the merits of the injunction sought), it would not grant the injunctive relief plaintiffs requested. The Court stated that, although Younger itself did not apply because the plaintiffs did not allege any pending state proceedings against them, general equitable principles recognized in Younger would apply where a federal court is called upon to monitor the future actions of a state court. Id. at 500.
The majority relies on Parker v. Turner, 626 F.2d 1 (6th Cir.1980), for support for its application of Younger here. Parker factually is similar to the present case, but Parker strains to create a third extension of Younger abstention that applies where, as in our case, no state proceeding is pending. As I stated previously, the Supreme Court has never recognized such an extension and, in Anken-brandt, expressly rejected it. 504 U.S. at 704, 112 S.Ct. at 2215 (“[Ajbsent any pending proceeding in state tribunals, therefore, application by the lower courts of Younger abstention was clearly erroneous.”).
The majority also relies on Hoover v. Wagner, 47 F.3d 845, 852 (7th Cir.1995), to support its reasoning that Younger applies in this case, but Hoover acknowledges that “the {Younger] doctrine is inapplicable here because none of the plaintiffs is [presently] being prosecuted for anything.” Id. at 848. Hoover goes on to uphold the dismissal on the “broader equitable principles” reiterated in Younger, but not the comity and federalism principles on which the Younger abstention doctrine is premised. In short, like Hoover, my analysis rests solely on general equitable principles; because nothing prohibits plaintiffs from raising their claims in a future state court proceeding, should one arise, they lack the elements necessary for equitable relief, namely, an inadequate remedy at law and irreparable injury.

. I differ from the majority’s reading of Anken-brandt as holding that Younger principles apply either when there is a pending state proceeding or “important state interests” are implicated. No prior case has so interpreted Younger abstention. Younger principles apply when there is a pending state proceeding and that proceeding implicates important state interests. See, e.g., Middlesex County Ethics Comm. v. Garden State Bar Ass’n., 457 U.S. 423, 431-32, 102 S.Ct. 2515, 2521, 73 L.Ed.2d 116 (1982); see generally 17A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction 2d § 4253, at 212 (2d ed. 1988). Ank- *1554 enbrandt itself so held. Ankenbrandt involved a diversity action brought by a mother on behalf of her children alleging physical and sexual abuse of the children by the children's father (the mother’s former husband) and the husband’s female companion. To support the majority's reading of Ankenbrandt, therefore, Ankenbrandt necessarily would have to also be read as holding that such “domestic relations" proceedings are not an important state interest, because the Court holds in Ankenbrandt that Younger principles do not apply. In fact, the Court in Ankenbrandt merely determined whether there was a pending state proceeding or not. When it determined there was not, the Court's analysis ended with the holding that Younger did not apply, stating that "[ajbsent any pending proceeding in state tribunals, therefore, application by the lower courts of Younger abstention was clearly erroneous.” If the Court's holding were as the majority says it is, finding that there was not a pending state proceeding would not end the inquiry; the Court would then have gone on to determine whether domestic relations is an "important state interest,” which it invariably is. The Court did not embark on this second determination, however, and ended its Younger analysis by concluding that Younger abstention did not apply because there was no state proceeding.

. Luckey V does not cite or attempt to distinguish this circuit's prior precedent in Ealy. Nevertheless, the same prior precedent rule on which the majority relies in arguing that Luckey V controls our analysis here must apply with equal force to Ealy.

. Plaintiffs in the present case do allege that they are under a continuing writ which allows the defendants to bring plaintiffs before the court for civil contempt for any child support arrearage. Because a plaintiff would have to fail to pay child support to be again brought before the court, I would not consider such a writ to constitute an ongoing state proceeding for Younger abstention purposes.

. As did one of the plaintiffs in this case, Mr.Pompey, successfully filed a petition for a writ of habeas corpus with the Florida District Court of Appeals that resulted in the reduction of his purge amount from $22,100.00 to $212.00.